IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BOBBY R. JONES, | ) | |
| | ) | |
| Petitioner, | ) | 8:06cv489 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| STATE OF NEBRASKA, et al., | ) | |
| | ) | |
| Respondent. | ) | |

Bobby R. Jones, an incarcerated person, filed a complaint or a petition on a form for a civil rights complaint pursuant to 42 U.S.C. § 1983, together with a Motion for Leave to Proceed In Forma Pauperis ("IFP"). However, in the document, he seeks both release from custody and damages. Release from confinement is a remedy exclusively available in a habeas corpus proceeding, and is not available in a § 1983 case. On the other hand, damages may not be obtained in a habeas corpus proceeding. Thus, this matter is presented as a mixture of both kinds of cases, and it is not clear to me how the plaintiff wishes to proceed. He must elect one or the other type of claim in this case.

The statute of limitations for a habeas claim is one year, while the statute of limitations in Nebraska for a claim pursuant to 42 U.S.C. § 1983 is four years. The filing fee for a habeas case is $5 and is waived if a motion for IFP is granted. The filing fee for a § 1983 civil rights case is $350, and it is not waived for a prisoner even if an IFP motion is granted. Instead, the prisoner has to pay the entire fee in installments pursuant to the Prison Litigation Reform Act ("PLRA").

Because a habeas petition may not be combined with a civil rights complaint in the same case, and certainly not in the same document, I provisionally construe this case as a habeas corpus proceeding, and I request that Mr. Jones file a Response within 20 days from the date of this Order stating whether or not that is his intent. If this case proceeds as a habeas corpus case, Mr. Jones is certainly free to file a new complaint asserting civil rights claims pursuant to 42 U.S.C. § 1983 in another case if he wishes.

At any rate, filing no. 2, Mr. Jones' Motion for Leave to Proceed IFP, is granted. If this case proceeds as a habeas corpus action, the filing fee is waived. If Mr. Jones files a Response within 20 days of the date of this Order informing the court that he intended this case to be a civil rights complaint for damages, I will enter a Prisoner Payment Order arranging for payment of the filing fee under the PLRA applicable to prisoner civil rights cases.

IT IS THEREFORE ORDERED:

1. That filing no. 1 is provisionally construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254;

2. That the petitioner, Bobby R. Jones, shall notify the court in writing within twenty (20) days of the date of this Order whether he intends this case to proceed as a habeas corpus case or a civil rights case;

3. That filing no. 2, Mr. Jones' Motion for Leave to Proceed IFP, is granted; if this case proceeds as a habeas corpus action, the filing fee is waived; if Mr. Jones files a Response within 20 days of the date of this Order informing the court that he intends this case to proceed as a civil rights action for damages, I will enter a Prisoner Payment Order arranging for payment of the filing fee under the PLRA.

DATED this 25th day of August, 2006.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge