IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BOBBY R. JONES, | ) | |
| | ) | |
| Petitioner, | ) | 8:06cv489 |
| | ) | |
| vs. | ) | PRISONER PAYMENT ORDER |
| | ) | and |
| STATE OF NEBRASKA, et al., | ) | ORDER to SHOW CAUSE |
| | ) | |
| Respondent. | ) | |

This matter is before the court on filing no. 7, the Response filed by the plaintiff, Bobby R. Jones, a prisoner, to my Order of August 25, 2006 (filing no. 6). I noted that in his complaint, Mr. Jones sought both release from custody and damages. Release from confinement is a remedy exclusively available in a habeas corpus proceeding, and is not available in a civil rights case. On the other hand, damages may not be obtained in a habeas corpus proceeding. Thus, Mr. Jones structured his complaint as a combined civil rights complaint under 42 U.S.C. § 1983 and as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. However, a § 1983 complaint and a habeas petition may not be combined in a single document. Therefore, in filing no. 6, I directed the plaintiff to elect between a habeas petition or a civil rights complaint. In filing no. 7, the plaintiff has elected to proceed with a civil rights complaint pursuant to 42 U.S.C. § 1983.

## PRISONER PAYMENT ORDER

Pursuant to the Prison Litigation Reform Act ("PLRA"), an incarcerated civil plaintiff is required to pay the full amount of the court's $350 filing fee by making monthly payments to the court, even if the prisoner is proceeding in forma pauperis.[1] 28 U.S.C. § 1915(b). "[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997); Jackson v. N.P. Dodge Realty Co.,173 F. Supp.2d 951 (D. Neb. 2001).

A plaintiff usually must pay an initial partial filing fee in the amount of twenty (20)

---

[1]THE "THREE STRIKES" RULE: If this action is later dismissed as frivolous, malicious, or for failure to state a claim, then the dismissal will count against the prisoner for purposes of the "three-strikes" rule in 28 U.S.C. § 1915(g). The three-strikes rule means that if a prisoner's complaints are dismissed on 3 occasions as frivolous, malicious, or for failure to state a claim, the prisoner may not proceed in forma pauperis thereafter in future complaints and appeals, unless, pursuant to the only exception to this rule, the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

percent of the greater of the plaintiff's average monthly account balance or average monthly deposits for the six months preceding submission of the complaint.  However, the plaintiff 's trust account statement reflects no deposits and a zero balance.  Under those circumstances, the PLRA does not require dismissal of the plaintiff's case.  Instead, 28 U.S.C. § 1915(b)(4) states:

> In no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

In these circumstances, the normal assumption that an initial partial filing fee will be paid at the outset of the case is suspended, and "the whole of the ... filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)."  Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997); Jackson v. N.P. Dodge Realty Co., 173 F. Supp.2d 951, 957 n. 9 (D. Neb. 2001).  Thus, payments of the initial partial filing fee shall be collected by prison officials and remitted to the court "when funds exist" in the prisoner's trust account.

## ORDER TO SHOW CAUSE

As the plaintiff recounts, he was arrested for a robbery and using a knife to commit a felony.  Although the victim testified that the plaintiff did not commit the offense, the plaintiff was bound over to district court for trial, and he has not been released notwithstanding the lack of evidence against him.  As I have previously stated, however, release from custody is not a remedy which this court can order in a civil rights case.

In addition, the State of Nebraska is the only defendant named in the caption of the complaint. See Fed. R. Civ. P. 10(a) (the names of all the parties must appear in the caption of the operative complaint).  However, for reasons of sovereign immunity, no damages can be recovered from the State.  Also, the plaintiff cannot sue the County Attorney who is  prosecuting him in his criminal case because prosecutors have absolute immunity for prosecutorial functions.  Under these circumstances, it is not clear what this court can do for the plaintiff.  Therefore, the plaintiff will be required to show cause why this case should not be dismissed, without prejudice, for failure to state a claim on which relief may be granted.

THEREFORE, IT IS ORDERED:

1.      That filing no. 2, the plaintiff's Motion for Leave to Proceed In Forma Pauperis is Granted; the initial partial filing fee and subsequent installments shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2); the Clerk of Court shall serve a copy of this Order on the appropriate financial officer for the plaintiff's

institution;

2.      That by September 28, 2006, the plaintiff shall show cause in writing why this case should not be dismissed for failure to state a claim on which relief may be granted; and in the absence of cause shown, this case will be subject, without further notice, to dismissal without prejudice by District Judge Laurie Smith Camp.

DATED this 21st day of September, 2006.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge

3